**FORD MOTOR CO., et al, Plaintiffs,**

**v.**

**GREATDOMAINS.COM, INC., et al., Defendants.**

**No. 00–CV–71544–DT.**

United States District Court, E.D. Michigan, Southern Division.

Dec. 20, 2001.

Kathleen Lang, John E. S. Scott, Dickinson Wright, Detroit, MI, for Plaintiffs.

Susan N. McFee, Ford Global Technologies, Inc., Dearborn, MI, Gregory Phillips, Howard, Phillips & Anderson, Salt Lake City, UT, Luis Acosta, Plunkett & Cooney, Bloomfield Hills, MI, Shelly Liberto, Santa Anna, CA, Khalida Farooqui, Savannah, GA, Robert Yoder, Phoenix, AR, William A. Sankbeil, Kerr, Russell, Detroit, MI, Lisa S. Gallerano, Akin, Gump, Strauss, Hauer & Feld, Dallas, TX, Thomas Pezzenti, Jr., Smith & Johnson, Traverse City, MI, Richard Phillips, Mikkelborg, Broz, Seattle, WA, Cindy Cohn, 454 Electronic

Frontier Foundation, San Francisco, CA, Susanne Singleton, Lakewood, CO, Roberta Jacobs–Meadway, Panitch, Schwarze, Philadelphia, PA, Stephen Mahan, Norris, TN, David H. Lowenschuss, Ann Arbor, MI, Eric C. Grimm, Cyberbrief, PLC, Ann Arbor, MI, for Defendants.

## ORDER DENYING "MOTION OF JOHN HALL, GAPMOUNT, LTD., AND OTHER EFF DEFENDANTS, UNDER FED. R. CIV. P. 12(B)(1), TO DISMISS ALL IN REM CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION"[1] AND DECLINING TO EXERCISE *IN REM* JURISDICTION

CLELAND, District Judge.

Plaintiffs Ford Motor Company, Jaguar Cars, Ltd., Aston Martin Lagonda, Ltd., and Volvo Trademark Holding AB (collectively "Ford") commenced this action against a number of persons and entities who have registered for use on the Internet domain names that incorporate trademarks such as FORD, VOLVO, JAGUAR, and LINCOLN. None of the domain names themselves are named as defendants. Nonetheless, in various motions raised before the court, Ford argues that, regardless whether personal jurisdiction exists over the named defendants, *in rem* jurisdiction may be maintained over the domain names themselves. Without corrective amendment, Ford's failure to list the domain names as defendants or state a claim against the domain names in the complaint is fatal to this argument. Accordingly, Defendants Robert Emmert,

Paul Brown, Alfonso Fiero, John Hall, Gapmount, Ltd., Radtech, and Tom Cooper (collectively "the EFF Defendants") have moved the court to dismiss any *in rem* claims. Because no *in rem* claims are stated in the complaint, the court must deny the motion. Nevertheless, if Ford were permitted to amend the complaint, jurisdiction over the domain names would be lacking. Thus, the court preemptively declines to exercise *in rem* jurisdiction.

■ The Anticybersquatting Consumer Protection Act of 1999 ("ACPA"), codified at 15 U.S.C. § 1125(d), sets forth the perimeters of the court's *in rem* jurisdiction over a domain name that violates any right of a trademark owner. In relevant part, it provides as follows:

> The owner of a mark may file an *in rem* civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if
>
> (i) the domain name violates any right of the owner of a mark ...; and
>
> (ii) the court finds that the owner—
>
>> (I) is not able to obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action ...; or
>>
>> (II) through due diligence was not able to find a person who would have been a defendant in a civil action ....

15 U.S.C. § 1125(d)(2).[2] Pursuant to this section, a court thus may exercise *in rem*

---

**1.** Based upon the title of their motion, Defendants apparently have confused *in rem* jurisdiction with subject matter jurisdiction. The court unquestionably has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this action arises "under the Constitution, laws, or treaties of the United

States." The only issue before the court is whether the court may exercise *in rem* jurisdiction over the Defendants' Internet domain names.

**2.** Ford's argument that the EFF Defendants' objections to venue and jurisdiction in this court have been waived is without merit; the

jurisdiction only if both (1) the domain name authority that registered or assigned the domain name is located in this district and (2) *in personam* jurisdiction over the Registrant Defendants is unobtainable.

In this case, all but two of the EFF Defendants reside in the United States and thus are subject to personal jurisdiction in the States in which they reside. With a possible exception for the two foreign defendants, *in rem* jurisdiction thus is statutorily precluded. *Accord Lucent Techs., Inc. v. Lucentsucks.com*, 95 F.Supp.2d 528, 534 (E.D.Va.2000) (holding that § 1125(d)(2)(A) was intended "to provide a last resort where *in personam* jurisdiction is impossible, because of the domain name registrant is foreign or anonymous"); *Heathmount A.E. Corp. v. Technodome.com*, 106 F.Supp.2d 860, 868 (E.D.Va.2000) (same). Moreover, it is undisputed that none of the registrars, registries, or other domain name authorities that registered or assigned the domain names to the EFF Defendants are located within the Eastern District of Michigan. *In rem* jurisdiction over any of the domain names at issue is accordingly further precluded by this deficiency. *Accord FleetBoston Financial Corp. v. FleetBostonFinancial.com*, 138 F.Supp.2d 121 (D.Mass.2001) ("A plain meaning analysis of the in rem provisions of the ACPA establishes that the legislation allows a plaintiff to bring an in rem action

only in the judicial district in which the registrar, registry, or other domain name authority is located as is specified in subparagraph (2)(A).").

■ Ford argues that alternative authority for asserting *in rem* jurisdiction can be found in subsection (2)(C):

> [I]n an *in rem* action under this paragraph, a domain name shall be deemed to have its situs in the judicial district in which (i) the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located; or (ii) documents sufficient to establish control and authority regarding the disposition of the registration and use of the domain name are deposited with the court.

15 U.S.C. § 1125(d)(2)(C).[3] Because a domain name is deemed under this section to have its situs wherever a domain name authority deposits documents sufficient to establish control over the domain name, Ford contends that *in rem* jurisdiction may be maintained under the traditional rule that a court has jurisdiction over property located within its territorial jurisdiction.

It is unnecessary for the court to determine whether § 1125(d)(2)(C) was intended as an alternative authorization for asserting *in rem* jurisdiction over domain names, because—assuming that it is—jurisdiction is precluded by the Constitution's

objections were raised in the briefs filed in support of the EFF Defendants' initial Rule 12(b)(6) motions.

**3.** Under the statute, once an *in rem* action has been filed against a domain name, the domain name registrar, domain name registry, or other domain name authority is required to

   (I) expeditiously deposit with the court documents sufficient to establish the court's control and authority regarding the disposition of the registration and use of the domain name to the court; and

   (II) not transfer, suspend, or otherwise modify the domain name during the pendency of the action, except upon order of the court.

15 U.S.C. § 1125(d)(2)(D). Domain name registrars comply with the requirements of this section by filing a declaration with the court, affirming that they will place all further registration activity—such as transfers of registration or adjustments from inactive to active status—on hold until the court orders otherwise.

due process requirements.[4] This is clear from the Supreme Court's decision in *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

In *Shaffer*, the Court recognized that the minimum contacts standard elucidated in *International Shoe Co. v. Washington, Office of Unemployment Compensation and Placement*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), for asserting *in personam* jurisdiction should also be applied to *in rem* cases. The Court recognized that "[t]he phrase 'judicial jurisdiction over a thing,' is a customary elliptical way of referring to jurisdiction over the interests of persons in a thing." *Shaffer*, 433 U.S. at 207, 97 S.Ct. 2569 (citations omitted). "This recognition leads to the conclusion that in order to justify an exercise of jurisdiction *in rem*, the basis for jurisdiction must be sufficient to justify exercising 'jurisdiction over the interest of person in a thing.'" *Id.* Thus the Supreme Court dismantled the preexisting standard for exercising *in rem* jurisdiction, which "focused on the territorial limits of the States' judicial powers." *Id.* at 197, 97 S.Ct. 2569 (citing *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1878)).

The *Shaffer* Court did acknowledge that "the presence of property in a State may bear on the existence of jurisdiction by providing contacts among the forum State, the defendant, and the litigation." *Id.* at 207, 97 S.Ct. 2569. Indeed, the Court stated that

> when claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant,

it would be unusual for the State where the property is located not to have jurisdiction. In such cases, the defendant's claim to the property located in the State would normally indicate that he expected to benefit from the State's protection of his interest.

*Id.* at 207–08, 97 S.Ct. 2569. Nevertheless, in a footnote, the Court specified circumstances in which "the presence of property in the forum State will not support [this] inference suggested in text." *Id.* at 208 n. 25, 97 S.Ct. 2569. Specifically, the Court cited to various sources which discuss the exercise of jurisdiction over property brought into a state by fraud, for purposes of litigation, without the consent of the owner, or in other some other manner negating the inference that the property owner expected to benefit from the state's interest in protecting property within its territory. *Id.*

This is just such a case. The only connection between the domain names and the forum in this case is that the domain names have been "brought" into the forum by Ford to facilitate its convenience in litigating the matter. This clearly is insufficient to satisfy the fairness requirements of the Constitution.[5] The court thus concludes that, even reading § 1125(d)(2)(C) as a distinct authorization for asserting *in rem* jurisdiction, the court must determine that sufficient minimum contacts do not exist to satisfy the due process clause of the Constitution. *Accord FleetBoston*, 138 F. Sup.2d at 128; *Mattel, Inc. v. Barbie–Club.Com*, 2001 WL 436207, at *2 (S.D.N.Y. May 1, 2001). *Cf. Cable News*

---

4. Courts reaching this issue have rejected the argument that both § 1125(d)(2)(A) and § 1125(d)(2)(C) can be read as providing *in rem* jurisdiction. Rather, they have noted that under such a reading "all of Section 1125(d)(2)(A) and portions of Section 1125(d)(2)(C) would be rendered redundant,

an impermissible result." *Cable News Network L.P., L.L.L.P. v. CNNews.com*, 162 F.Supp.2d 484 (E.D.Va.2001) (citing *FleetBoston*, 138 F.Supp.2d at 124–26).

5. For the same reasons, jurisdiction cannot be exercised pursuant to 28 U.S.C. § 1655.

*Network L.P., v. CNNews.com,* 162 F.Supp.2d 484 (E.D.Va.2001) (observing that *"in rem* jurisdiction is constitutionally proper when a court sits in the same district in which the registrar is located" but not where "the adjudicating court merely has possession of the certificate of the domain name.") Accordingly, although the EFF Defendant's motion must be denied, the court—having been fully briefed on the matter—concludes that asserting *in rem* jurisdiction in this matter is not a permissible exercise of the court's authority.

For all the foregoing reasons, IT IS ORDERED that the "Motion of John Hall, Gapmount, Ltd., and Other EFF Defendants, Under Fed.R.Civ.P. 12(B)(1), to Dismiss All *In Rem* Claims for Lack of Subject Matter Jurisdiction" is DENIED.

The parties to this matter are further NOTIFIED that the court DECLINES to exercise *in rem* jurisdiction over the domain names at issue in this case.